The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WILMER RAMIREZ- HERNANDEZ,<br><br>    Defendant. | No. MJ25-0480<br><br>DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER<br><br>Note for Consideration:<br>August 20, 2025 |

## I.     Requested Relief

Defendant, Wilmer Ramirez-Hernandez, respectfully moves the Court to reconsider its detention order on the basis that the Court incorrectly applied a presumption of detention when deciding Mr. Ramirez-Hernandez's potential release, as the charge against him does not allow for application of that standard. Instead of applying the presumption of detention set forth in 18 U.S.C. § 3142 (e), the Court should have applied the more lenient standards set for in 18 U.S.C. §§ 3142(b) and (c) and released Mr. Ramirez-Hernandez on conditions sufficient to ensure his appearance and protect the community.

## II.    Procedural History

The complaint in this matter charges Mr. Ramirez-Hernandez under 18 U.S.C. §§ 111(a) and (b), and alleges that he assaulted a federal officer during his arrest on an immigration warrant

DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
(*Wilmer Ramirez-Hernandez*; MJ25-0480) - 1

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

on August 4, 2025. Mr. Ramirez-Hernandez made his initial appearance on August 8, 2025. He appeared for a detention hearing on August 13, 2025. The government filed an amended motion for detention earlier that same day. The motion identified the charge against Mr. Ramirez-Hernandez as a crime of violence but did not invoke the presumption set forth in 18 U.S.C. § 3142 (e). Dkt. 10. At the hearing, however, the government asserted that the presumption did apply, and the Court applied it in its detention order ("The Court finds Defendant has failed to overcome the presumption that he is a danger to the community and risk of flight."). Dkt. 13. Mr. Ramirez-Hernandez remains detained at FDC SeaTac. He has a preliminary hearing scheduled for August 22, 2025.

### III. Facts

The defense relies on the facts set forth in the complaint and the initial and supplemental pretrial services reports, and those presented at the detention hearing on August 13, 2025.

### IV. Argument

Local Rule 12(b)(13) sets for the standards for a motion to reconsider:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

CrR 12(b)(13)(A).

The defense recognizes that motions to reconsider are disfavored but respectfully submits that reconsideration is warranted in this case, based on the Court's application of the wrong legal standard to the detention question. Application of the correct, and more lenient, standard should lead to different result: release on conditions sufficient to protect the community and ensure Mr. Ramirez-Hernandez's appearance as directed.

DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
(*Wilmer Ramirez-Hernandez*; MJ25-0480) - 2

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

**A. The Court erroneously applied a presumption of detention to the detention question in this case.**

The Court applied the presumption of detention set forth in 18 U.S.C. § 3142 (e) when deciding whether Mr. Ramirez-Hernandez should be released. See Detention Order, Dkt. 13 ("The Court finds Defendant has failed to overcome the presumption that he is a danger to the community and risk of flight."). It is likely that the Court did this based on the government's erroneous assertion at the hearing, in response to a question from the Court, that the presumption applied in this case. Counsel expects that the government made this assertion while under time pressure and in good faith, but it is incorrect, as neither of the provisions establishing a rebuttable presumption of detention, 18 U.S.C. 3142 §§ (e)(2) and (e)(3), apply in this case. Application of an incorrect legal standard is the type of issue that warrants reconsideration, and the Court should do so in this case.

**B. Application of the correct, and more lenient, standard should lead to a different result: release on conditions.**

The Bail Reform Act mandates the release of a person facing trial unless no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(b) and (c). A court must release a defendant on either personal recognizance or subject to the least restrictive condition, or combination of conditions, that will reasonably assure the person's appearance and the safety of the community. Id.

In this case, the defense respectfully submits that release is warranted based on several factors, including:

1. Mr. Ramirez-Hernandez has lived in the Seattle area for approximately five years.

DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
(*Wilmer Ramirez-Hernandez*; MJ25-0480) - 3

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

2. He has family connections and support in the area, including his wife, Delmis Hernandez.

3. Mr. Ramirez-Hernandez has a stable home in the area, an apartment in Kirkland, Washington, that he shares with his wife, which has been vetted and approved by the Probation and Pretrial Services Office.

4. Mr. Ramirez-Hernandez has a history of gainful employment.

5. Mr. Ramirez-Hernandez does not suffer from any mental health condition and does not have a substance use disorder.

6. Mr. Ramirez-Hernandez has no prior criminal convictions, although he does have a pending driving under the influence charge.

7. After conducting an investigation, the Probation and Pretrial Services Office recommended that Mr. Ramirez-Hernandez be released from custody pending adjudication of this matter.

For the foregoing reasons, the defense respectfully requests that the Court reconsider its prior detention order and issue an order releasing Mr. Ramirez-Hernandez on the conditions proposed by the Probation and Pretrial Services Office.

Respectfully submitted this 20th day of August, 2025.

BLACK & ASKEROV, PLLC

_____
Christopher Black
Attorney for Wilmer Ramirez-Hernandez
705 Second Avenue, Suite 1111
Seattle, WA 98104
Phone:		206.623.1604
Fax:		206.658.2401
Email:		chris@blacklawseattle.com

DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER
(*Wilmer Ramirez-Hernandez*; MJ25-0480) - 4

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

1
2
3                                    I certify that this pleading contains 941 words, in compliance with the Local Criminal Rules.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER (*Wilmer Ramirez-Hernandez*; MJ25-0480) - 5

**Black & Askerov, PLLC**
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401